### LEMAN & COMPANY *v.* PENN TOBACCO COMPANY.

As the evidence introduced upon the trial failed to sustain the cause of action set forth in the petition, the verdict in favor of the plaintiff was contrary to the evidence and to law, and a new trial should have been granted upon the general grounds of the motion therefor.

Argued December 17, 1902. — Decided January 9, 1903.

Complaint. Before Judge Roberts. Pulaski superior court. February 6, 1902.

*J. H. Martin,* for plaintiffs in error.
*W. L. Grice & Sons* and *L. L. Brown,* contra..

FISH, J.    The F. R. Penn Tobacco Co., a corporation, brought suit against W. W. Leman Jr. & Co., upon an alleged contract of guaranty.    The petition contained the following allegations: "2nd. That on the 30th day of September, 1897, your petitioner received from Geo. D. Mashburn & Co., merchants of Hawkinsville, Ga., a written order for 20 boxes of tobacco to be sent to them.    The price of said tobacco was $204.08.    3rd.  Said order was given personally to J. M. Jones, the authorized agent and salesman of petitioner.    4th.  Before said order was accepted and before the goods were shipped to said Mashburn & Co., W. W. Leman Jr., and D. C. Joiner, both of said county of Pulaski, and who were then partners and wholesale and jobbing merchants under the style of W. W. Leman Jr. & Co., guaranteed to petitioner the payment at the maturity of the bill for the tobacco so ordered, amounting to $204.08, as aforesaid.    5th.  Upon this guaranty of W. W. Leman Jr. & Co., said tobacco was by your petitioner forwarded to and received by said Mashburn & Co.    6th.  Said guaranty was for a valuable consideration, to wit:  The promise of petitioners to allow said W. W. Leman Jr. & Co. two cents per pound·on this and all other orders for tobacco so guaranteed, and petitioners have actually allowed the defendants a credit on their account of two cents per pound on this bill, which was received by them with actual notice that it was allowed in consideration for this guaranty.    7th.  The guaranty aforesaid was given both orally and in writing.    8th.  The written part of said guaranty was expressed by writing these letters on the order aforesaid:  'O K.' and signed 'W. W. Leman Jr. & Co.'    And the agreed meaning of these letters and this signature was that defendants thereby became responsible for said order, in case said Mashburn & Co. failed to pay same at maturity, and the order so signed was by said W. W. Leman Jr. & Co. handed to said salesman, J. M. Jones, who thereupon directed the shipment of said tobacco.    9th.  The bill and order aforesaid is now past due and the said G. D. Mashburn & Co. as well as the said W. W. Leman Jr. & Co. have failed and refused to pay the same."

The defendants denied that they had made the alleged guaranty. Upon the trial the jury found a verdict in favor of the plaintiffs;

whereupon the defendants made a motion for a new trial, which being overruled, they excepted.

In our opinion, the plaintiff failed to make out the case which it alleged in its petition, and therefore we deem it unnecessary to consider any of the numerous special grounds contained in the motion for a new trial. A new trial should have been granted on the general grounds of the motion. To establish the contract of guaranty upon which it sued, the plaintiff introduced the following paper, together with parol evidence to explain its ambiguities: ·

" Order No. 270.　　　　　　　　　　　　Date Sept. 30/97.

" Ship to Geo. D. Mashburn & Co. P. O. .　.　.　.　.　.　∘　∘

" Shipping Point, Hawkinsville.

" When Ship.　Dec. 1st.　　　　Salesman, J.　Terms: 90 Days.

| 100 | 20 | Ga. Cracker<br>1/4 Dec. 1st.　Shipped.<br>1/4 Jany. 15th.<br>1/4 Mch. 1st.<br>1/4 May 1st. | 100/7. | 29 |
| 40 | 10 | F. Girl | 6/4 | 25. |

Same shipments as above.　O. K.　W. W. Leman Jr. & Co.

Geo. D. Mashburn & Co."

From the parol evidence, it appeared that this was an order for 100 20-pound boxes of " Georgia Cracker" tobacco, at twenty-nine cents per pound, one fourth of which was to be shipped December 1, one fourth January 15, one fourth March 1, and one fourth May 1, each shipment to be paid for in ninety days after it was made; and for 40 10-pound boxes of " Farmer's Girl" tobacco, at twenty-five cents per pound, to be shipped on the same dates, in like installments, and paid for on the same terms. The plaintiff introduced evidence for the purpose of supporting its contention as to the meaning of the letters " O. K." as used in the order.

Granting that W. W. Leman Jr. & Co., by writing these letters upon this order and signing the same, guaranteed its payment and that the plaintiff did, as the evidence tends to show, ship to Mashburn & Co. twenty boxes of tobacco, the debt for which was due and unpaid, still the case alleged in the petition was not sustained by the proof. The petition, as we have seen, alleged " that on the 30th day of September, 1897, your petitioner received from Geo.

D. Mashburn & Co. . . . a written order for 20 boxes of tobacco to be sent to them;" that "the price of said tobacco was $204.08;" and that the defendants " guaranteed to petitioner the payment at maturity of the bill for the tobacco so ordered, amounting to $204.08, as aforesaid." Here the order, the payment of which the petition alleged the defendants guaranteed, was for 20 boxes of tobacco, the price of which was $204.08. The order introduced in evidence was for 140 boxes of tobacco, of which 100 boxes were of one kind and 40 boxes of another. No 20 boxes of the tobacco specified in the order introduced in evidence, at the price, or prices, named in the order, could amount to $204.08. Twenty 20-pound boxes of the "Georgia Cracker" tobacco, at 29 cents per pound, would amount to only $116. Twenty 10-pound boxes of the " Farmer's Girl" tobacco, at 25 cents a pound, would amount to only $50. Twenty boxes composed in part of the one brand and in part of the other would, at the stipulated prices, amount to a sum between $50 and $116. By no sort of construction of the order introduced in evidence can it be shown that it is, even in part, an order for 20 boxes of tobacco at the price of $204.08. The plaintiff sued upon a guaranty of an order for 20 boxes of tobacco, amounting, at the price of the same, to $204.08; and, taking the evidence in the light most favorable to the plaintiff, the proof showed the guaranty of an order for 140 boxes of tobacco, amounting, according to the prices stipulated therein, to $680, and no 20 boxes of which, in price, even approximated the sum of $204.08. Besides, according to the order shown by the proof, each shipment thereunder was to consist of 25 boxes of " Georgia Cracker" tobacco and 10 boxes of "Farmer's Girl " tobacco, making 35 boxes to be delivered at any one time. Proof that the defendants guaranteed the payment of the order introduced in evidence did not show that they were liable upon the guaranty alleged in the petition. The plaintiff could not sue upon a guaranty of the payment of one order for tobacco and recover upon proof of a guaranty of the payment of an entirely different order. There was a fatal variance between the allegata and the probata, and, for this reason, the verdict in favor of the plaintiff was contrary to the evidence and to law, and a new trial should have been granted upon the general grounds of the motion therefor.

*Judgment reversed. All the Justices concurring, except Lumpkin, P. J., absent.*